1  TRINETTE G. KENT (State Bar No. 025180)
2  11811 North Tatum Blvd., Suite 3031
   Phoenix, AZ 85028
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@lemberglaw.com
5
6  *Of Counsel to*
   Lemberg & Associates LLC
7  A Connecticut Law Firm
8  1100 Summer Street
   Stamford, CT  06905
9  Telephone:  (203) 653-2250
10 Facsimile:  (203) 653-3424
11
   Attorneys for Plaintiff,
12 Soha Abdelrahman
13
14
15              IN THE UNITED STATES DISTRICT COURT
16                 FOR THE DISTRICT OF ARIZONA
17
18
19 Soha Abdelrahman,                      Case No.:
20              Plaintiff,
21        vs.                             **COMPLAINT**
22
23 Law Offices of Siegel & Siegel, A
   Professional Law Corporation; and DOES **JURY TRIAL DEMANDED**
24 1-10, inclusive,
25
26              Defendants.
27
28

For this Complaint, the Plaintiff, Soha Abdelrahman, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Soha Abdelrahman (hereafter "Plaintiff"), is an adult individual residing in Tempe, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Law Offices of Siegel & Siegel, A Professional Law Corporation (hereafter "Siegel"), is a California company with an address of 6355 Topanga Canyon Boulevard, Suite 255, Woodland Hills, California 91367, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Siegel and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Siegel at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Upon information and belief, a person other than the Plaintiff (the "Debtor") allegedly incurred a financial obligation in the approximate amount of $80.00 (the "Debt") to Chandler Endocrinology (the "Creditor").

9.      The Debt was comprised of a $50.00 "No Show Fee" and a $30.00 "Delinquent Fee."

10.     Upon information and belief, the Plaintiff is not the Debtor and is in no way responsible for repayment of the Debt.

11.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     The Debt was purchased, assigned, or transferred to Siegel for collection, or Siegel was employed by the Creditor to collect the Debt.

13.     Siegel attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B. Siegel Engages in Harassment and Abusive Tactics**

14.     Within the past year, Siegel began sending letters to Plaintiff and calling Plaintiff's home telephone in an attempt to collect the Debt.

15.     In its various letters, Siegel stated that Plaintiff owed an $80.00 Debt to Dr. Lyuba Belitsky with Chandler Endocrinology for failing to show up at an appointment.

16.     Plaintiff, however, has no previous relationship with Dr. Belitsky or Chandler Endocrinology, never scheduled an appointment with this doctor or medical group, and has no knowledge of this doctor or medical group.

17.     Siegel's letters were addressed to a "Sohe Abdeloehmen," which is not the accurate spelling of Plaintiff's first or last name.

18.     On August 14, 2012, Siegel sent a letter to Plaintiff, indicating that she owed $80.00 and that she had 30 days to dispute the validity of the Debt or it would be assumed valid.

19.     On August 21, 2012, Plaintiff sent a letter via certified mail to Siegel, disputing the validity of the Debt.  In her letter, Plaintiff stated that she was not the Debtor; that she had never made an appointment with Dr. Lyuba Belitsky or Chandler Endocrinology; that she had no knowledge of this doctor or medical group; and that her name was spelled incorrectly on Siegel's letter.

20.     Siegel received Plaintiff's certified letter on August 24, 2012.

21.      Nevertheless, despite receiving Plaintiff's certified letter, Siegel failed to provide written validation of the Debt and ignored the information provided by Plaintiff, which plainly indicated that Plaintiff was not the Debtor.

22.      Instead, Siegel sent another letter to Plaintiff, dated September 18, 2012, and again attempted to collect the Debt.

23.      Siegel's September 18, 2012 letter stated that Plaintiff needed to satisfy the Debt and further indicated that Plaintiff's credit rating would be adversely affected if she did not satisfy the Debt.

24.      Siegel proceeded to send another letter to Plaintiff, dated October 2, 2012, erroneously stating that Plaintiff never disputed the Debt and again indicating that Plaintiff needed to satisfy the Debt or her credit rating would be adversely affected.

25.      On October 7, 2012, Plaintiff sent a cease and desist letter via certified mail to Siegel, wherein she requested that Siegel cease all communication with her; informed Siegel that she was represented by an attorney; and provided Siegel with her law firm's contact information.

26.      Siegel received Plaintiff's certified cease and desist letter on October 13, 2012.

27.      Nevertheless, Siegel proceeded to send Plaintiff another letter, dated October 17, 2012, indicating that Plaintiff owed a total of $91.16 as a result of an $11.16 interest charge on the $80.00 Debt.

5

28.    Siegel's October 17, 2012 letter also stated that Plaintiff owed the Debt and had 30 days to dispute the validity of the Debt or it would be assumed valid.

29.    Siegel ignored both of Plaintiff's certified letters, despite the fact that it received Plaintiff's letter of dispute and Plaintiff's cease and desist letter.

30.    Siegel's letters and phone calls to Plaintiff were extremely harassing and caused Plaintiff a significant amount of stress.

**C. Plaintiff Suffered Actual Damages**

31.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

32.    As a direct consequence of the Defendants' acts, practices, and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692, et seq.**

33.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.    The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

6

1
2
3

35.     The Defendants used false, deceptive, or misleading representation or means in

connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

4
5

36.     The Defendants threatened to communicate false credit information, in

violation of 15 U.S.C. § 1692e(8).

6
7
8

37.     The Defendants used unfair and unconscionable means to collect a debt, in

violation of 15 U.S.C. § 1692f.

9
10
11

38.     The Defendants continued collection efforts even though the Debt had not been

validated, in violation of 15 U.S.C. § 1692g(b).

12
13
14
15

39.     In the alternative, in the event that the Plaintiff is found to be the Debtor, the

Defendants contacted the Plaintiff after knowing that Plaintiff was represented by an

attorney, in violation of 15 U.S.C. § 1692c(a)(2).

16
17
18
19

40.     In the alternative, in the event that the Plaintiff is found to be the Debtor, the

Defendants contacted the Plaintiff after receiving written notification from the

Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

20
21
22

41.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

23
24

42.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations in an amount to be determined at trial; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1    DATED:  November 13, 2012                LEMBERG & ASSOCIATES, LLC

2

3

4                                            By:   /s/   Trinette G. Kent

5                                            Trinette G. Kent

6                                            Attorney for Plaintiff

7                                            Soha Abdelrahman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9